UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH DAUZAT, | * | |
|    Plaintiff | * | CIVIL DOCKET NUMBER: 14-cv-239 |
| | * | |
| VERSUS | * | |
| | * | |
| BESSIE CARTER, LAURA | * | MAG: KAREN WELLS ROBY |
| BUCKLEY, CASEY MCVEA, | * | |
|    Defendants. | * | |
| ********************************* | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JURY VENIRE LIST

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joseph Dauzat, who respectfully moves this Court to provide the jury venire list for the jurors who are "on call" for the months of September 2019 and October 2019, and the jury venire list for jurors sent a notice to appear for the week of October 21, 2019 for the Eastern District of Louisiana.

Plaintiff does not seek these lists with the intention to contact or interview jurors, and will comply fully with Local Rules 47.4 and 47.5. No other local rule directly addresses or prohibits the availability of juror venire lists in advance of a trial proceeding.

The applicable Federal statute provides a vehicle to civil litigants to challenge the composition of a petit jury, prior to voir dire or after discovery of a failure to comply with the Jury Selection and Service Act of 1968 (hereinafter "JSSA").[1] The statute further states that "[T]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan **or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section**."[2] Plaintiff contemplates filing such a challenge under subsection (c) if the records requested demonstrate deviations from the JSSA.

The Supreme Court and the Fifth Circuit have held that a litigant's right to jury records is unqualified:

> This provision makes clear that a litigant has essentially an unqualified right to inspect jury lists. It grants access in order to aid parties in the preparation of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he

---

[1] 28 U.S.C. § 1867(c) – (d).
[2] 28 U.S.C. § 1867(f) (emphasis added).

has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring grand and petit juries selected at random from a fair cross section of the community.[3]

In an exercise of due diligence under the statute, Plaintiff seeks the jury venire lists for the months of September 2019 and October 2019 to determine if the petit jury for the upcoming trial will be composed from a venire representative of a fair cross section of the population of the Eastern District of Louisiana.

Plaintiff has not identified any prohibition on providing jury venire lists to counsel under the local rules. Because the JSSA and the Fifth Circuit's and Supreme Court's jurisprudence all provide an "unqualified right" to a civil litigant[4] to information sufficient to determine whether the jury venire is drawn from a fair cross section of the population of the Eastern District, Plaintiff requests that the above-specified jury venire lists be provided as soon as practicably available.

Respectfully Submitted,

_____
Elizabeth Cumming, LSBN #31685
Eric Foley, LSBN # 34199
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Tel. 504-620-2259
elizabeth.cumming@macarthurjustice.org
eric.foley@macarthurjusstice.org

*Attorneys for Plaintiffs*

Date: September 25, 2019

---

[3] Test v. United States, 420 U.S. 28, 30 (1975) (internal quotes and citations omitted); see also United States v. Potts, 538 Fed. App'x 434, 437 (5th Cir. 2013). The Court of Appeals cited with approval the position of the First Circuit that "the district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions." Potts, 538 Fed. App'x at 437 (quoting United States v. Royal, 10 F.3d 1019, 1025 (1st Cir. 1996)).
[4] Test, 420 U.S. at 30 n.3 ("The statute grants the rights to challenge selection procedures and inspect lists to the United States and the defendant in a criminal case, and to any party in a civil case.").

2