# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH DAUZAT | CIVIL ACTION |
| VERSUS | NO. 14-0239 |
| BESSIE CARTER, ET AL. | CHIEF MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

Before the Court is plaintiff Joseph Dauzat's **Motion for Jury Venire List (Rec. Doc. No. 159)** heard on the briefs by expedited submission. Pursuant to the Jury Selection and Service Act of 1968 ("JSSA") and to prepare a motion pursuant to 28 U.S.C. § 1867(c), plaintiff requests in the motion that the Court provide the jury venire lists for the months of September and October 2019, as well as a list of those jurors sent notice to appear for the week of October 21, 2019.

The remaining defendants, Bessie Carter, Laura Buckley, and Dr. Casey McVea, filed a response to the plaintiff's motion indicating that they are not opposed to plaintiff receiving a copy of the list of persons noticed to appear on October 21, 2019, as long as they too receive a copy of the list.[1] The defendants also generally oppose plaintiff's request for the jury lists for September and October 2019 because plaintiff has not shown good cause or relevance to a JSSA motion.

Title 28 U.S.C. § 1867(c) provides a mechanism for challenging a Court's compliance with jury selection procedures in accordance with the JSSA.

> (c) In civil cases, before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, any party may move to stay the proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury.

By statute, "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed …". 28 U.S.C. § 1867(f).

---

[1] Rec. Doc. No. 163.

However, the statute provides an exception and requires disclosure of jury data "as may be necessary" for a party to prepare and present a motion under § 1867(c), like that planned by the plaintiff in this case. *Id*. This provision specifically provides that, when a § 1867 motion is anticipated, the party "shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." *Id*.

This access to the jury information does not require that the moving party show probable success or a probability of merit in the proposed jury challenge. *Government of Canal Zone v. Davis*, 592 F.2d 887, 889 (5th Cir. 1976); *In re National Prescription Opiate Litigation*, No. 17-804, 2019WL4739360, at *2 (N.D. Ohio, Sep. 27, 2019). Instead, the otherwise unqualified right to access to the jury list is limited only by the timing of the request and to that information "necessary" to file and support the §1867 motion. *In re National Prescription Opiate Litigation*, 2019 WL 4739360, at *3 (citing *Test v. United States*, 420 U.S. 28 (1975), *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984), and *United States v. Wickline*, No. 07cr121, 2008 WL 2121222, at *2 (S.D. Ohio May 20, 2008).

Here, the plaintiff has made a broad request for the jury venire lists, referred to in this Court as the petit jury pool lists, for September and October 2019 and a list of those jurors sent notice to appear on October 21, 2019, which is the date of the trial in this case. The plaintiff has not explained the relevance or necessity for access to the September 2019 in connection with a challenge to the petit pool related to his October 21, 2019, trial, and none is apparent from the record and pleadings. For this reason, the Court finds that the September 2019 petit jury pool list is not relevant to or reasonably necessary for plaintiff to prepare and present a motion under § 1867(c). *See McLernon*, 746 F.2d at 1122-23 (limiting available materials to those related to the jury pool being challenged); *In re National Prescription Opiate Litigation*, 2019 WL 4739360, at *3. His request for that list is denied.

The Court also does not find it "necessary" for plaintiff to have a separate list of persons specifically noticed to appear for October 21, 2019, for him to adequately state a challenge to the jury pool under § 1867.  Plaintiff has offered no basis for the request and none is apparent from the record and pleadings.  The demographic information on such a list also would be redundant of that already on the master list which will be produced, as discussed below.  Furthermore, "it is not the actual selection of the [specific] jury which would constitute the violation, but rather whether the jury was selected 'at random from a fair cross section of the community.'"  (internal quotation, citation omitted) *United State v. Causey*, No. 04-025, 2004 WL 1243912, at *12 (S.D. Tex. May 25, 2004) (quoting 28 U.S.C. § 1861).  This part of plaintiff's motion is denied.

The Court, on the other hand, finds that plaintiff has a right to access the October 2019 petit jury pool list.  This does not mean that plaintiff has an unfettered right to a broad array of information at his choosing.  *United States v. Carlock*, 606 F. Supp. 491, 493 (E.D. La. 1985) ("the right of access involved here is not without limitations").  The JSSA "is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *United States v. Rice*, 489 F. Supp.2d 1312, 1316 (S.D. Ala. 2007).  To the contrary, the statute limits the materials available to plaintiff to those "necessary" for him to prepare and support a motion under § 1867(c).  "To give the [party] an absolute right of routine access to all materials would be an amendment of the Act."  *United States v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987).  Thus, the courts have held that the virtually unqualified right under § 1867 provides for access to the master lists and demographic data of the general pool from which the relevant jury will be selected.  *United States v. Koerber*, No. 17cr37, 2017 WL 2992090, at *5 (D. Utah Jul. 13, 2017) ("[O]nly general demographic data about the juror pools from which the relevant grand jurors were selected falls within the scope of §1867(f)."); *see United States v. Pirk*, 281 F. Supp.3d 342, 344 (W.D.N.Y. 2017).  The courts have also routinely considered means to avoid the potential for abuse of the juror information by clarifying what is available to the parties and what

is considered "necessary" for the preparation of the § 1867 motion. *Davenport*, 824 F.2d at 1515 (finding that providing prospective jurors' home addresses and other personal information would cause the possibility of substantial abuse and could have serious consequences for individual jurors and the system); *In re National Prescription Opiate Litigation*, 2019 WL 4739360, at *3 (allowing disclosure of the juror lists and questionnaires but, to protect the balance between the need for jury selection information with the institutional need to protect prospective jurors and the system, the court redacted "all personal information, such as names, addresses, phone numbers, and email address" from the documents provided.). Even before the JSSA, the United States Fifth Circuit Court of Appeals recognized that "appropriate safeguards" may be imposed to limit disclosure of juror information not relevant to the demographics of the pool members. *Mobley v. United States*, 379 F.2d 768, 773 (5th Cir. 1967).

The plaintiff is entitled to access the October 2019 petit jury pool data to prepare and present his motion under § 1867(c). However, considering the cited jurisprudence and the broad request made by plaintiff, the Court finds certain parameters appropriate for the production of "necessary" juror information. The Clerk of Court will provide the October 2019 petit jury pool list redacted to exclude names, street numbers, phone numbers, and email addresses for the pool members. The list to be provided will contain the juror number, street name, city, state, zip code, gender, race, Hispanic designation, and other race remarks for each person in the October 2019 petit jury pool. This information is necessary and sufficient for plaintiff to prepare and support a § 1867(c) motion.

Under the plain language of § 1867(f), the defendant as a party is entitled to a copy of the redacted October 2019 petit jury pool list being provided to the plaintiff by the Clerk of Court. The parties and their counsel are reminded that the redacted October 2019 petit jury pool list is provided subject to the sanctions and other restrictions imposed by § 1867(f) and related

provisions.  Any further matters related to jury pool list access shall be presented to the Court, and the parties should not contact the Clerk of Court directly.   Accordingly,

**IT IS ORDERED** that, in accordance with the terms of 28 U.S.C. § 1867(f), the plaintiff's **Motion for Jury Venire List (Rec. Doc. No. 159)** is **DENIED in part** as to plaintiff's requests for access to the September 2019 jury venire list and the list of those persons to whom notice was sent to appear for October 21, 2019 and **GRANTED in part** as to plaintiff's request for the October 2019 petit jury pool list.

**IT IS FURTHER ORDERED** that the **Clerk of Court SHALL** provide Elizabeth Cumming, lead trial counsel for the plaintiff, and Angela O'Brien, lead trial counsel for the remaining defendants, with a redacted October 2019 petit jury pool list to include the juror number, street name, city, state, zip code, gender, race, Hispanic designation, and other race remarks for each person listed in the Court's October 2019 petit pool.

New Orleans, Louisiana, this   7th   day of October, 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**