**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSEPH DAUZAT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0239** |
| **BESSIE CARTER, ET AL.** | **CHIEF MAGISTRATE JUDGE**<br>**KAREN WELLS ROBY** |

### ORDER AND REASONS

Before the Court is plaintiff Joseph Dauzat's **Motion for Discovery Relating to Jury Selection (Rec. Doc. No. 174)** heard without need for additional briefing or hearing.   The plaintiff requests that the Court provide additional information from the Clerk of Court pursuant to the Jury Selection and Service Act of 1968 ("JSSA") and to prepare a motion pursuant to 28 U.S.C. § 1867(c).   The Court has already provided the plaintiff with a redacted jury venire list for October 2019.   *See* Rec. Doc. No. 165.   Dauzat requests the following additional items:

1.   Master Jury Wheels for the past two years;

2.   Eastern District of Louisiana Jury Selection Plan Operations Reports, not limited to but specifically including AO-12 forms for the past two years;

3.   Qualified Jury Wheels for the past two years;

4.   Responses to qualifying questionnaires for the past two years;

5.   Records reflecting jurors excluded or exempted and basis either prior to placement in the qualified jury wheel or prior to the constituting of venires for the past two years;

6.   Monthly jury pools lists for the last two years; and

7.   Panel Selection Reports for each section of Court for the preceding two years.

As discussed in the Court's prior Order, 28 U.S.C. § 1867(c) provides a mechanism for challenging a Court's compliance with jury selection procedures in accordance with the JSSA:

(c)   In civil cases, before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, any party may move to stay the proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury.

By statute, "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed …".   28 U.S.C. § 1867(f). However, the statute provides an exception and requires disclosure of jury data "as may be necessary" for a party to prepare and present a motion under § 1867(c).   *Id*.   This provision specifically provides that, when a § 1867 motion is anticipated, the party "shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."   *Id*.   The otherwise unqualified right to access to the jury list is limited only by the timing of the request and to that information "necessary" to file and support the §1867 motion.   *In re National Prescription Opiate Litigation*, No. MDL2804, 2019 WL 4739360, at *3 (N.D. Oh. Sep. 27, 2019) (citing *Test v. United States*, 420 U.S. 28 (1975), *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984), and *United States v. Wickline*, No. 07cr121, 2008 WL 2121222, at *2 (S.D. Ohio May 20, 2008); *United States v. Carlock*, 606 F. Supp. 491, 493 (E.D. La. 1985) ("the right of access involved here is not without limitations."). In addition, the parties "of course, may challenge only the improprieties affecting the particular [] jury" involved in their case.   *United States v. Bearden*, 659 F.2d 590, 601 (5th Cir. 1981); *see McLernon*, 746 F.2d at 1122-23 (limiting available materials to those related to the jury pool being challenged); *In re National Prescription Opiate Litigation*, 2019 WL 4739360, at *3.

Having reviewed the additional materials requested and the relevant law, the Court finds that the plaintiff is entitled to access some of the requested materials as necessary for the preparation and filing of a §1867(c) motion.   As in the prior Order, the Court will do so in a manner sufficient to avoid the potential for abuse of the juror information by clarifying what is available to the parties and what is considered "necessary" for the preparation of the § 1867

motion.  *United States v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987) (finding that providing prospective jurors' home addresses and other personal information would cause the possibility of substantial abuse and could have serious consequences for individual jurors and the system); *In re National Prescription Opiate Litigation*, 2019 WL 4739360, at *3 (allowing disclosure but redacted "all personal information, such as names, addresses, phone numbers, and email address" from the documents provided.); *Mobley v. United States*, 379 F.2d 768, 773 (5th Cir. 1967) (pre-JSSA, recognizing that "appropriate safeguards" may be imposed to limit disclosure of juror information not relevant to the demographics of the pool members).

The plaintiff has asked for the master jury wheel lists for the past two years.  *See United States v. Causey*, No. 4-CR-025, 2004 WL 1243912, at *9, *18 (S.D. Tex. May 25, 2004) (citing cases finding an almost unqualified right to inspect master lists while restricting access to other documentation).  The Court was advised by the Clerk of Court that the October 2019 jury venire culminated from the 2017 master wheel as supplemented in March 2019.  The Court finds that the plaintiff should have access to the master jury wheel lists from 2017 to current, redacted to exclude names, addresses, phone numbers, and email addresses.  The list to be provided will contain the juror number, city, state, zip code, status, gender, race, and any other race, ethnic, or gender related fields, if any.  This list includes status information including the exemption information requested by plaintiff.  The Court has been advised that the Clerk of Court does not offer exclusions and none have been given in the past two years in connection with the master or qualified wheel being provided.   There is no exclusion information to be provided.

The plaintiff is also entitled to the qualified jury wheel lists for the same period, which coincides with the 2017 master wheel as supplemented.  *See United States v. Diaz*, 236 F.R.D. 470, 481 (N.D. Cal. 2006) (granting access to master and qualified jury wheels from which defendants jury were empaneled).  The lists will also be redacted to exclude names, addresses,

phone numbers, and email addresses.   The list to be provided will contain the juror number, city, state, zip code, gender, race, and any other race, ethnic, or gender related fields, if any.

The plaintiff will also be provided with the monthly petit jury pool lists for the past two years, for September 2017 through September 2019.   Plaintiff already has been provided with the list for October 2019.   As with the prior list, the petit jury pool lists will be redacted to exclude names, street numbers, phone numbers, and email addresses for the pool members.   The list will contain the juror number, street name, city, state, zip code, gender, race, Hispanic designation, and other race remarks for each person listed.

The plaintiff will receive the AO-12 forms for the past two years, 2017 to current, which will provide demographic data.   Neither the Court nor the Clerk of Court can discern the meaning of the phrase "Eastern District of Louisiana Jury Selection Plan Operations Reports" referenced in plaintiff's motion.   The phrase does not correlate to any known report or one that would provide plan compliance or demographic information needed for a motion under § 1867.   The Court cannot provide access to something that cannot be identified or does not exist.

The redacted information identified in this Order is necessary and sufficient for plaintiff to prepare and support a § 1867(c) motion.   However, the Court does not find it necessary for plaintiff to have access to qualifying questionnaires, much less two years of them.   There is no requirement that jury questionnaires be made available in addition to the jury lists.   *Davenport*, 824 F.2d at 1514-15.   In *Davenport*, the Court held that the jury lists themselves would be sufficient to enable the defendant to ascertain whether a challenge under the § 1867 was warranted. *Id*.   The Court reasoned that "[i]f the system is not working in accordance with the Act's requirement the available lists could be of use in establishing an alleged deficiency."   *Id*. Specific to juror questionnaires, the Court held that the information in the questionnaires was redundant of the lists provided and opened the door for abuse of information, and therefore, it was not necessary to support a motion under the Act.   *Id*.; *see also*, *Diaz*, 236 F.R.D. at 482 (denying

access to jury questionnaires for both qualified and unqualified jurors because, given that other furnished materials supply defendants with relevant demographic data required to challenge district's jury selection procedures, questionnaires were not necessary to prepare a motion alleging violation of the Act); *United States v. Rice*, 489 F. Supp.2d 1312, 1320 (S.D. Ala. 2007) (juror qualification questionnaires for all members of the qualified jury wheel and all members of the master jury wheel who were found unqualified was outside the scope of the materials accessible under § 1867(f)).

This Court finds *Davenport* and its progeny instructive. The myriad of jury lists and other information provided pursuant to this Order and the Court's prior Order are sufficient to provide the plaintiff with the relevant data needed to assess whether a challenge to this judicial district's jury selection procedures is warranted. As noted by other courts, any marginal benefits of disclosure of this redundant information would be "greatly outweighed by the risks associated with dissemination of personal information contained on those questionnaires and by the burden on the Clerk of Court" to produce the vast amount of confidential questionnaires. *See Rice*, 489 F. Supp.2d at 1320.

The same is true with regard to plaintiff's request for the "Panel Selection Reports for each section of Court for the proceeding two years." The plaintiff does not explain what this panel selection report is. The Court can only assume that plaintiff is referring to the list of prospective jurors sent to each section of this Court on the day of trial for jury selection for the past two years. Plaintiff fails to explain how these trial specific lists would lead to information needed for a challenge to the overall jury selection plan and none is obvious from the request. Furthermore, any information on such a list would be redundant of other provided information and attainable from the qualified wheel and monthly petit jury lists. The request is unnecessarily burdensome on the Clerk of Court and does not appear "necessary" for plaintiff to file challenge under the JSSA or a § 1867 motion. Accordingly,

5

**IT IS ORDERED** that the plaintiff's **Motion for Discovery Relating to Jury Selection (Rec. Doc. No. 174)** is **DENIED in part** and **GRANTED in part** as follows:

The Motion is **DENIED in part** as to plaintiff's request for production of "Eastern District of Louisiana Jury Plan Operations Reports," responses to qualifying questionnaires, and panel selection reports for each section of the Court.

The Motion is **GRANTED in part** as to plaintiff's request for the master jury wheels for the past two years, the qualified jury wheels for the past two years, the AO-12 forms for the past two years, and the monthly petit jury pool lists for the last two years.

**IT IS FURTHER ORDERED** that the Jury Administrator for the **Clerk of Court SHALL** provide the plaintiff's counsel, Elizabeth Cumming, with the following documents to be produced electronically on a compact disc and retrieved by plaintiff's counsel at or after 2:00 p.m., Friday, October 18, 2019:

(1)     The master jury wheel lists for 2017 through current date redacted to include the juror number, city, state, zip code, status, gender, race, and any other race, ethnic, or gender related fields, if any;

(2)     The qualified jury wheel lists for 2017 through current date redacted to include the juror number, city, state, zip code, gender, race, and any other race, ethnic, or gender related fields, if any;

(3)     The AO-12 forms for the past two years.

(4)     The monthly petit jury venire lists for September 2017 through September 2019 redacted to include the juror number, street name, city, state, zip code, gender, race, Hispanic designation, and other race remarks.

**IT IS FURTHER ORDERED** that the Jury Administrator for the Clerk of Court **SHALL** provide the defendants' counsel, Angela O'Brien, with a copy of the compact disc if requested at or after 2:00 p.m., Friday, October 18, 2019.

**IT IS FURTHER ORDERED** that the information identified in and produced pursuant to this Order and the Court's prior Order (Rec. Doc. No. 165) is provided to counsel subject to the sanctions and restrictions imposed by 28 U.S.C. § 1867(f) and related provisions, therefore counsel

and the parties **SHALL** maintain the information under seal, **SHALL NOT** disclose the information to anyone who is not a party or counsel in this case, and **SHALL NOT** use the information for any purpose other than the filing of a motion under 28 U.S.C. § 1867 in this case.

New Orleans, Louisiana, this ___17th___ day of October, 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**CLERK TO NOTIFY:**
**CLERK OF COURT**
**CHIEF DEPUTY CLERK OF COURT**
**JURY ADMINISTRATOR**